UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOBEY HENDERSON, #237781,

    Petitioner,

                                                         Civil No: 4:08-CV-12139
                                                         Honorable Paul V. Gadola
                                                         Magistrate Donald A. Scheer

v.

PATRICIA CARUSO et. al.,

    Respondent.
_____/

**OPINION & ORDER SUMMARILY DISMISSING
PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

**I. Introduction**

This matter is before the Court on Petitioner Jobey Henderson's, *pro se* request for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Petitioner, a state prisoner confined at Marquette Branch Prison in Marquette, Michigan, is challenging his July 10, 2007 conviction for assaulting a prison employee. Petitioner has failed to exhaust his state court remedies. Accordingly, the Court will dismiss Petitioner's habeas petition without prejudice.

**II. Procedural Facts**

Petitioner appealed his state court conviction to the Michigan Court of Appeals by filing an application for leave to appeal. His application was denied. *People v. Henderson,* No. 279861 (Mich. Ct. App. February 1, 2008). Petitioner subsequently filed an application for leave to appeal with the Michigan Supreme Court which was also denied. *People v. Henderson,* 480 Mich. 1191; 747 N.W.2d 305 (Table) (Mich. Sup. Ct. April 28, 2008). Within Petitioner's habeas petition, he states that he timely filed a petition for writ of certiorari with the United States Supreme Court on

May 2, 2008 and that the matter remains pending. Instead of waiting for the United Supreme Court to render its decision relative to this matter, Petitioner proceeded to file the pending habeas corpus petition with this Court.

## III. Discussion

A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief because of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between state and federal courts. *See Anderson v. Harless,* 459 U.S. 270, 275-76 (1971); see also *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Therefore, a prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies, which includes discretionary review in the state's highest court, the Michigan Supreme Court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Moreover, even though certiorari is not required to exhaust state remedies, it is available to the state prisoner desiring his claims to be heard. "If he chooses to pursue that procedure before filing for federal habeas corpus, he must pursue it to completion before filing his petition for writ of habeas corpus with a United States District Court." *Thomas v. Howard,* 303 F. Supp. 1385, 1386 (D.C. Ky. 1969). The burden is on the petitioner to prove exhaustion. *Rust v. Dent*, 17 F.3d at 160.

In this case, Petitioner has failed to meet his burden of showing exhaustion of state court remedies. The record before the Court indicates that Petitioner's matter remains pending in the

2

United States Supreme Court. Therefore, Petitioner must wait until the conclusion of certiorari review by the United States Supreme Court before he may file a habeas petition with this Court. Federal habeas law provides that a habeas petitioner is only entitled to relief if he or she can show that the state court adjudication of the claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d).

In this case, the United States Supreme Court must first be given a fair opportunity to review the petition for writ of certiorari before it relative to this matter prior to Petitioner presenting those claims to this Court. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254. Since the United States Supreme Court has not concluded its review of the petition for writ of certiorari, the Court cannot proceed in this habeas matter.

**IV. Conclusion**

For the reasons stated, this Court concludes that Petitioner has not fully exhausted his state court remedies.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus [docket entry #1] is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the Petitioner's Motion for Preliminary Injunction [docket entry #3] is **DENIED AS MOOT**.

**SO ORDERED.**

Dated:  June 30, 2008            s/Paul V. Gadola
                                 HONORABLE PAUL V. GADOLA
                                 UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   June 30, 2008  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: _____, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                    Jobey Henderson                           .

                                                s/Ruth A. Brissaud
                                                Ruth A. Brissaud, Case Manager
                                                (810) 341-7845