UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOBEY HENDERSON,

    Petitioner,

vs.

PATRICIA CARUSO,

    Respondent.
_____/

Civil Action No.
08-CV-12139

HON. PAUL V. GADOLA

## ORDER GRANTING IN PART PETITIONER'S MOTION FOR RECONSIDERATION

On July 31, 2008, petitioner filed a motion [docket entry 6] seeking, among other things, reconsideration of the court's June 30, 2008, opinion and order dismissing his habeas petition [docket entry 5]. Although the motion for reconsideration was filed after expiration of the ten-day deadline imposed by E.D. Mich. LR 7.1(g)(1), the court shall nonetheless grant the motion insofar as it seeks reconsideration of the order of dismissal.

The court's June 30, 2008, opinion dismissed the petition on the grounds that petitioner had failed to exhaust his state court remedies. The court noted that, according to the petition, petitioner had filed with the United States Supreme Court a petition for a writ of certiorari and that that petition is still pending. The court believed petitioner must await the outcome of the cert petition before proceeding with his habeas petition.

Having had the opportunity to give the matter further consideration, the court now realizes its earlier conclusion was erroneous. The Supreme Court recently stated:

> Our recent decision in *Lawrence v. Florida*, 549 U.S. ----, 127 S.Ct. 1079, --- L.Ed.2d ---- (2007), conclusively establishes that the District Court was wrong to conclude that, if respondent chose to

seek certiorari, he had to exhaust that remedy before filing a federal habeas petition. *Lawrence* clarified that "[s]tate review ends when the state courts have finally resolved an application for state postconviction relief"-even if a prisoner files a certiorari petition. *Id.*, at ----, 127 S.Ct. at 1083; *see also id.*, at ---- - ----, 127 S.Ct. at 1083-85 ("[W]e have said that state prisoners need not petition for certiorari to exhaust state remedies" (*citing Fay v. Noia*, 372 U.S. 391, 435-438, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963))). Thus, respondent's habeas petition, which was fully exhausted when filed, did not become unexhausted upon his decision to seek certiorari. Because the petition was not premature, the District Court had no cause to dismiss it.

*Roper v. Weaver*, 127 S.Ct. 2022, 2023-24 (2007). *See also* 17B C. Wright & A. Miller, *Federal Practice and Procedure* § 4264.1 (2008 Supp.) ("State review ends when the state courts have finally resolved an application for state postconviction relief, even if a prisoner files a certiorari petition").

Under the Supreme Court's decisions in *Roper* and *Lawrence*, it is clear the petition in this matter should not have been dismissed on the grounds that his cert petition remains pending. Accordingly,

IT IS ORDERED that petitioner's motion for reconsideration is granted in part as follows: the court's June 30, 2008, Opinion & Order Summarily Dismissing Petition for Writ of Habeas Corpus Without Prejudice is vacated.

|  |  |
|---|---|
| Dated: August 12, 2008<br>Detroit, Michigan | s/Bernard A. Friedman; Chief Judge, for<br>PAUL V. GADOLA<br>UNITED STATES DISTRICT JUDGE |